78 F.2d 491 (1935)
In re ARGYLE-LAKE SHORE BLDG. CORPORATION.
COUNTY OF COCK et al.
v.
STRAUS et al.
Nos. 5502-5515.
Circuit Court of Appeals, Seventh Circuit.
June 15, 1935.
*492 Floyd E. Thompson and Edward J. Fleming, both of Chicago, Ill., for appellants.
Theodore E. Rein, Claude A. Roth, Harry E. Smoot, and Max Frederick Goldberg, all of Chicago, Ill., for appellees.
Before SPARKS, FITZHENRY, and ALSCHULER, Circuit Judges.
SPARKS, Circuit Judge.
These appeals arise out of rulings of the District Court, sitting as a court of bankruptcy, and involve section 77B of the *493 Bankruptcy Act (11 USCA § 207). The court denied appellants' several motions to dissolve a preliminary injunction, to vacate certain restraining orders, and to dismiss the proceedings as to appellants. From those orders these appeals are prosecuted, one under section 24a, and one under section 24b (11 USCA § 47 (a, b), and they were here consolidated.
The case comes to us under an agreed statement of facts, which, in so far as they are pertinent to the questions presented, are substantially as follows:
On September 17, 1931, the People of the State of Illinois filed their bill of complaint in the Superior Court of Cook County, pursuant to section 253 of the Illinois Revenue Act, Smith-Hurd Ann. St. Ill. c. 120, § 238, Cahill's Illinois Rev. St. 1933, c. 120, par. 268, for the purpose of foreclosing their statutory lien for unpaid general taxes upon the premises located at 832 Argyle Street, Chicago, together with the improvements thereon, known as the Aquitania Apartments, which constituted the major part of the assets of the Argyle-Lake Shore Building Corporation. On July 19, 1932, a decree was entered to the effect that there was due and unpaid, for taxes for the years 1924 to 1927 inclusive, the sum of $162,383.49, which included penalties and interest. The premises were sold under that decree on September 7, 1932, and were bid in on behalf of Cook County, and on September 28, 1932, the sale was approved and confirmed by the Superior Court. A certificate of the sale of the property was subsequently issued to Cook County, and at the time of trial the certificate was still owned by that county. At the time of the sale, section 210 of the Illinois Revenue Act (Smith-Hurd Rev. St. 1931, c. 120, § 196) permitted the redemption of realty from tax sales at any time before the expiration of two years from the date of sale. On July 13, 1933, however, that section of the Illinois statute was amended so as to permit realty to be redeemed from tax sales after the expiration of two years from the date of sale at any time up to the execution of the deed. Smith-Hurd Ann. St. Ill. c. 120, § 196, Cahill's Illinois Rev. St. c. 120, par. 226. The amendment was made retroactive in its effect and was applicable to all property sold for taxes under the Revenue Act. On September 5, 1934, which was two days prior to the expiration of two years from the date of sale, Cook County, at the request of the Aquitania First Mortgage Bondholders' Committee, deferred making application to the State Court for a deed for a period of forty-five days. On September 25, 1934, certain creditors of the debtor filed their petition in the United States District Court against the debtor, seeking a corporate reorganization under section 77B of the Bankruptcy Act (11 US CA § 207). It was therein alleged that the principal assets involved were the Aquitania Apartments, together with the furnishings, and some cash in the hands of the trustee under the bond issue; that the approximate value of the assets was $750,000, and the liabilities were first mortgage bonds aggregating $1,200,000, together with unpaid taxes, unsecured claims, and trustee's fees. It was further alleged that the debtor was unable to meet its debts. The petitioners proposed that a reorganization be effected, and they offered to submit a plan. On November 13, 1934, Cook County filed its petition in the State Superior Court alleging compliance with the Revenue Act of Illinois and praying that the court approve a conveyance of the premises to Cook County, and that the County Clerk be directed to execute and deliver the deed. On February 1, 1935, the District Court found that the petition for reorganization was sufficient and was filed in good faith, and thereupon appointed Melvin L. Straus temporary trustee in bankruptcy. On that date, or shortly thereafter, appellants filed their answer to the petition for reorganization. Appellants' petition for a deed was set for hearing before the State Court on February 18, 1935, and on February 16, 1935, Straus, as trustee in bankruptcy, filed his petition in the District Court alleging insufficient available funds to pay the judgment for taxes and interest and the subsequent unpaid taxes which in all amounted to $246,803.40, and prayed for and was granted an order restraining appellants until further notice from further prosecution of the petition for a deed. To this petition appellants, on March 25, 1935, filed their plea to the jurisdiction of the District Court. During the pendency of that issue, the trustee applied for and was granted a preliminary injunction, which imposed substantially the same prohibitions and restraints as the order of February 16. The issue was joined on the plea of jurisdiction, and, upon hearing, the court overruled the plea and continued the restraining order until the entry of the final decree or until the further order of the court. *494 The trustee was ordered to file an injunction bond in the sum of $500 to the approval of the court, conditioned upon the payment of such costs and damages as might be incurred or suffered by any party who might be found to have been wrongfully enjoined or restrained. It was further ordered that the restraining order of March 26, remain in full force and effect until the bond of the trustee was approved, and upon such approval the injunctional order of March 26, was ordered to be vacated and dissolved.
Thereupon appellants moved the court (1) to dissolve the preliminary injunction, (2) to vacate all restraining orders theretofore entered, and (3) to dismiss all proceedings as to appellants. That motion was set for hearing on April 2, 1935, at which time the court filed and approved the trustee's bond in the sum of $500, and subsequently on April 6, 1935, the court denied appellants' motion last above referred to.
It is contended by appellants that the District Court was without jurisdiction over the premises because more than two years had elapsed between the date of sale and the filing of the petition for a reorganization. Hence, they urge that the bankrupt was thereby divested of all further interest in the premises and that at the time the petition in bankruptcy was filed the premises constituted no part of the bankrupt's estate.
It must be conceded that the right of redemption is a property right and is therefore an asset. This appellants do not deny, but they contend that section 210 of the Illinois Revenue Act, which was in force at the time of the tax sale, limited the redemption period to two years, and that that section was adopted by section 253, supra, under which the sale was made, and that, therefore, the amendatory Act of July 13, 1933, supra, did not operate to extend the redemptive period. We think that conclusion is not sound. The amendatory act merely affected a remedial right, and its enactment was clearly within the power of the Legislature. An adoption of an existing statute by an act of the Legislature, which refers generally to the law relating to the subject, will include not only the law in force at the date of the adopting act, but also such amendments of the law as are in force when action is taken or a proceeding is resorted to under such law. People v. Kramer, 328 Ill. 512, 160 N. E. 60. We hold, therefore, that the bankrupt's right of redemption had not expired when the petition for reorganization was filed, and that that right existed under amended section 210 of the Illinois Revenue Act until the execution of the deed.
It is further contended by appellants, however, that the right of redemption should not be predicated upon the nonissuance of a tax deed, when the creditors and trustee of the bankrupt have prevented its issuance by severally instituting the bankruptcy proceeding and invoking injunctive aid from the court. The acts complained of in this respect were fully authorized under section 77B of the Bankruptcy Act, which has been construed as a warranted exercise of power in the extension of equitable relief to both debtors and creditors with respect to remedial rights. Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., 55 S. Ct. 595, 79 L. Ed. 1110, decided by the Supreme Court April 1, 1935, affirming (C. C. A.) 72 F.(2d) 443. See, also, In re Eppstein (C. C. A.) 156 F. 42, 17 L. R. A. (N. S.) 465.
It was here conceded that since the issuance of the certificate of sale to Cook County, the relation of debtor and creditor no longer existed, with respect to the judgment for taxes, between it and the bankrupt and its trustee. Since that time the bankrupt had a mere right of redemption, and the trustee has no greater right. It was this right which the District Court protected by its decrees, and we think rightly so, in view of the uncontroverted value of the property and the extent of the indebtedness. We find nothing in the court's decree which would indicate any disposition to permit the trustee to interfere with the substantive rights of Cook County. The plan of reorganization, when presented, may allay any misapprehension in this respect, and we cannot assume that the District Court will not promptly require a plan to be presented and fully protect appellants' rights with respect thereto. We do not regard the injunction as an unlawful interference with the county or state in the collection of their taxes. Its effect was to protect the jurisdiction of the District Court over the bankrupt's right of redemption, which was an asset of the estate, in order that equity might be done to all interested parties. It is suggested by appellees that the court on final decree may avail itself of a number of alternatives, one of *495 which is that the court may determine that the property should be sold subject to or free from liens. What the court may, or may not, do in working out a plan of reorganization is not before us for decision. We mention appellees' suggestions in this respect in order that it may be understood that we do not here decide whether the court has, or has not, the power to order the property sold.
Orders affirmed.