### In re LOWMON.

### LAFAYETTE LIFE INS. CO. v. LOWMON.
### No. 5483.

Circuit Court of Appeals, Seventh Circuit.
Nov. 15, 1935.

Rehearing Denied Dec. 19, 1935.

See also (D. C.) 8 F. Supp. 886; In re Cyr (D. C.) 9 F. Supp. 697.

Charles H. Stuart, Allison E. Stuart, Brenton A. Devol, and Cable G. Ball, all of Lafayette, Ind. (Edward B. Raub, Jr., of Lafayette, Ind., of counsel), for appellant.

Otto Gresham, of Chicago, Ill., and Samuel E. Cook, of Huntington, Ind., for appellee.

Herbert C. Lust, of Fowler, Ind., amicus curiæ.

Before SPARKS and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

This is an appeal from an order of the District Court entered on February 25, 1935, overruling appellant's motion to dissolve an injunction entered on November 20, 1934. The injunction restrained the sheriff of Benton County, Indiana, until further order of the court, from issuing or delivering a deed pursuant to a certificate of sale executed on August 5, 1933, in a proceeding instituted by appellant on January 6, 1933, to foreclose its mortgage for $30,000 on certain premises owned by appellee. The latter filed her petition on July 23, 1934, for relief under the Frazier-Lemke Act (Bankr. Act § 75 (s), as added by Act June 28, 1934, 48 Stat. 1289) providing for the composition and extension of her debts. When she filed her petition she was occupying the premises under a lease executed by the receiver appointed by the state court in connection with the foreclosure proceedings, and she complained in her petition that the lease was onerous and the rent excessive. The only specific prayer for relief contained in the petition was for an injunction against the sheriff to prevent him from issuing the deed. The

petition was approved by the court as properly filed and referred to a conciliation commissioner on the day of the filing. Appellee annexed to her petition a schedule of debts containing two items, a contingent liability to appellant of $35,000, and a chattel mortgage to another party of $4,000. She also annexed an inventory of her property including the 320 acre farm covered by the mortgage in question, certain live stock and farm machinery. There nowhere appears in the record any estimate of the value of any of this property, either real or personal. In a second petition filed subsequently, on July 30, 1934, appellee made the only suggestion of her proposed plan for rehabilitation in stating that she would do all in her power to secure a loan from the Farm Credit Administration of the Government of the United States for the purpose of making a composition as prayed for in her original petition. It does not appear that she had previously applied for a loan, nor that she subsequently made any specific proposal for a composition. In accordance with the prayer of her original and second petitions, the District Court on November 20, 1934, entered the restraining order, the effect of which was to prevent appellant from securing the deed to which it would otherwise have been entitled, under the laws of Indiana, upon its demand any time after August 5, 1934. On November 26, appellant filed its motion to dissolve the injunction on the ground, among others, that since the petitioner's right of redemption had expired by law and terminated without a proposal of composition or extension, the court was without power to extend or revive her right of redemption. This motion was overruled on February 25, 1935.

The question of the right of this court to hear this appeal was raised after the nearing in this case, and the suggestion made that we are without jurisdiction for the reason that the appeal had been taken in the District Court only, and none prayed or allowed in this court, whereas the matter is one which is properly appealable only in the discretion of this court under section 24(b) of the Bankruptcy Act, 11 USCA § 47 (b). We do not agree with this contention. The order appealed from presented a substantial controversy between the debtor and her alleged principal creditor who, however, denied that the relationship of debtor and creditor any longer existed between them, claiming title to the principal asset said to belong to the estate, subject to a bare right of redemption which expired over three months prior to the entry of the order complained of. We think this presents a controversy arising in a bankruptcy proceeding, and as such is properly appealable under section 24(a) of the Bankruptcy Act, 11 USCA § 47 (a).

By the amendment to section 75 of the Bankruptcy Act enacted by Congress on August 28, 1935 (11 USCA § 203) it is expressly provided that where the period of redemption has not expired prior to the filing of a petition under section 75, that period shall be extended or the confirmation of sale withheld for the period necessary for the purpose of carrying out the provisions of this section.[1]

The amended Act (section 75 (s) (5), 11 USCA § 203 (s) (5) also provides that it is to be held to apply to all existing cases now pending in any Federal court, as well as to future cases, and that all cases that have been dismissed by any conciliation commissioner, referee, or court because of the Supreme Court decision holding the former subsection (s) unconstitutional, shall be promptly reinstated, without any additional filing fees or charges.

---

[1] "(n) The filing of a petition or answer with the clerk of court, or leaving it with the conciliation commissioner for the purpose of forwarding same to the clerk of court, praying for relief under section 75 of this Act, as amended [this section], shall immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right in any such property, including, among others, contracts for purchase, contracts for deed, or conditional sales contracts, the right or the equity of redemption where the period of redemption has not or had not expired, or where a deed of trust has been given as security, or where the sale has not or had not been confirmed, or where deed had not been delivered, at the time of filing the petition.

"In all cases where, at the time of filing the petition, the period of redemption has not or had not expired, or where the right under a deed of trust has not or had not become absolute, or where the sale has not or had not been confirmed, or where deed had not been delivered, the period of redemption shall be extended or the confirmation of sale withheld for the period necessary for the purpose of carrying out the provisions of this section." 11 USCA § 203 (n).

It will be seen that these provisions expressly cover the situation involved in this case, so that, if valid, they operate to validate the injunction here complained of. The question then is, has Congress the power, under article 1, section 8, clause 4 of the Constitution, to confer upon courts of bankruptcy jurisdiction over property where foreclosure proceedings have been had in the state courts, and where, but for the extension of the period of redemption by virtue of this enactment, the owner would have lost all right to redeem by failure to exercise that right within the period provided by state statute?

At the outset it should be observed that in section 75 of the Bankruptcy Act, Congress has extended the jurisdiction of the courts of bankruptcy much further than in section 74 (11 USCA § 202). The latter provides that the filing of the debtor's petition shall subject him and his property to the exclusive jurisdiction of the court including property in the custody of another court in connection with pending proceedings irrespective of the date of the institution of such proceedings, provided that it shall not affect any proceedings in any court in which a final decree has been entered. 11 USCA § 202 (m). This court decided, in Re Sorenson, 77 F.(2d) 166, certiorari denied Sorenson v. Collins, 56 S. Ct. 133, 80 L. Ed. ——, October 14, 1935, that a decree of foreclosure constituted such final decree, and that it adjudicated, as between the parties to the litigation, all issues relating to their mutual rights and obligations. Under the laws of Indiana, upon a sale under such decree, the sheriff is authorized to issue to the purchaser a certificate of purchase which "shall entitle the purchaser * * * or assigns, to a conveyance of the estate in said real property bought by such purchaser, at the expiration of one (1) year from the date of his purchase unless the same shall have been previously redeemed as hereinafter provided." Burns' Indiana Statutes Annotated 1933, § 2-3909.

It was held in Hubble v. Berry, 180 Ind. 513, 103 N. E. 328, 330, that: "A sheriff's certificate * * * after the expiration of the year for redemption, invests the holder with an equitable estate in the land of such high character that it only requires his demand for a deed to ripen it into an absolute legal title. * * * 'At the expiration of one year from the date of the sale, the property not having been previously redeemed, the right and title of the holders of the certificate to a deed * * * became absolute under the statute and so continued until such deed was demanded and executed.'" This means, then, that the Indiana statute confers upon the purchaser, whether he be the mortgagee or a third party, the absolute right to a conveyance upon demand at the end of the year, unless the mortgagor shall have exercised his right to redeem the property within the period allotted to him for that purpose. Congress, by the amendment of August, 1935, has attempted to extinguish this right by providing that when the conditions set forth in the amended subsection (s) have been complied with, the court shall stay all judicial or official proceedings in any court, or under the direction of any official, against the debtor or any of his property for a period of three years, at the end of which time, or prior thereto, the debtor may pay into court the amount of an appraisal as made under the direction of the court at the beginning of the three year period, or, if either debtor or any secured or unsecured creditor has requested it, of a reappraisal at the time payment is to be made by the debtor. The only provision by which it is attempted to save the rights of the secured creditor against the property itself in which he has his security lies in paragraph (3) of subsection (s), 11 USCA § 203 (s) (3): "Provided, That upon request in writing by any secured creditor or creditors, the court shall order the property upon which such secured creditors have a lien to be sold at public auction." Presumably it is intended by this section to enable the secured creditor to bid in the property at the amount of his mortgage, thereby permitting him to obtain the property or the full amount of the debt, if the debtor chooses to redeem within the ninety days thereafter also provided for by the statute. Thus at the end of three years and ninety days the mortgagee may receive exactly what he was entitled to under the completed adjudication according to the laws of the state at the beginning of that period.

We think that in thus extending or tolling the period of redemption for three years beyond that fixed by state statutes, Congress exceeded the powers conferred upon it under the bankruptcy clause of the Constitution. We think that that clause does not give to Congress the right to alter the relative rights between the parties which have already been fixed by a final ad-

judication in a state court according to rules laid down in the state statute. "Statutes providing for redemption from judicial sales constitute a rule of property in their respective states, and are binding upon courts of chancery as well as law, and will be given effect in the federal courts." American Mine Equipment Co. v. Illinois Coal Corporation (C. C. A.) 31 F.(2d) 507, 510. We think Congress has no right to change such rules of property after the rights of the parties have become vested in accordance with them.

Appellee relies upon Home Bldg. & Loan Ass'n v. Blaisdell, 290 U. S. 398, 54 S. Ct. 231, 243, 78 L. Ed. 413, 88 A. L. R. 1481, as conclusively settling the constitutionality of section 75. She urges that since Congress under its bankruptcy powers has greater power than the states, it follows that if a state law extending the period of redemption under certain conditions is valid, an act of Congress doing the same thing must necessarily be valid. We do not agree with this reasoning. It is true that Congress is not bound by the same constitutional limitation on the impairment of contracts which under ordinary circumstances prevents a state from enforcing such a statute as was upheld by the Supreme Court in the Blaisdell Case. However, it does not follow that Congress has the power under the bankruptcy clause to alter rules of property previously established by state statute and according to which the rights of parties have become fixed. The Court in the Blaisdell Case held that the facts there existing furnished a proper occasion for the exercise of the reserved power of the State to protect the vital interests of the community, even though in so doing it was necessary to suspend accrued rights for a limited period, under provisions reasonably calculated to safeguard those rights. This was in no sense the exercise of bankruptcy power, for states have no such power. It was rather in the nature of the police power which states alone may exercise, and which the United States has never had. Hamilton v. Kentucky Distilleries & Warehouse Co., 251 U. S. 146, 40 S. Ct. 106, 64 L. Ed. 194; In re Rahrer, 140 U. S. 545, 11 S. Ct. 865, 35 L. Ed. 572. Therefore, if the federal statute here in question can not be upheld under the bankruptcy power, it is invalid.

We think there is nothing in the constitutional clause conferring upon Congress the control over bankruptcy which authorizes it to change property rights already created by the states. Under the proper exercise of that power, federal courts may be authorized to assume jurisdiction over and to administer property of bankrupts, but they must administer that property as they find it, and they have no power to create new rights in it for the benefit of either debtor or creditor. See In re Goldman (D. C.) 102 F. 122. They must look to local law to determine the efficiency of acts and transactions to effect the transfer of title to property and also the time of the passing of title, the validity of mortgages and other liens. See Remington on Bankruptcy (3d Ed.) §§ 1405 and 1406 and cases there cited. In Board of Trade of Chicago v. Johnson, 264 U. S. 1, 44 S. Ct. 232, 234, 68 L. Ed. 533, the Court said: "Of course, where the bankrupt law deals with property rights which are regulated by the state law, the federal courts in bankruptcy will follow the state courts." It might equally well be said that where property rights are regulated by the state law, Congress has no right under the bankruptcy power to alter those rights. We think that the fixing of a specific period for redemption of property following foreclosure constitutes such a state regulation of property rights as to bar Congress from altering it. In Home Bldg. & Loan Ass'n v. Blaisdell, supra, the Court said: "Although the courts would have no authority to alter a statutory period of redemption, the [Minnesota] legislation in question permits the courts to extend that period, within limits and upon equitable terms." Here, however, since the legislation purporting to authorize the courts to extend the period was beyond the scope of the power of Congress to pass, that legislation is ineffectual to accomplish its purpose, even though its provisions are very similar to those of the legislation approved by the Supreme Court in the Blaisdell Case as properly enacted by the Minnesota legislature. The federal courts, therefore, are still without authority to extend the period of redemption in behalf of debtors petitioning under section 75.

The amicus curiæ in this case has cited the opinion of this court in Re Argyle-Lake Shore Bldg. Corporation, 78 F.(2d) 491, as authority for a contrary holding. That case, however, involved a statute quite different in its terms from the one here under consideration. The Illinois statute on Revenue provides for the sale of property on which there are delinquent taxes, and fur-

ther provides that real property so sold may be redeemed within two years after such sale, or after the expiration of two years at any time up to the date a tax deed is issued. Smith-Hurd Illinois Annotated Statutes, c. 120, § 196. In that case, a taxpayer petitioned, prior to the issuance of a tax deed, to reorganize under section 77B (11 USCA § 207), and in pursuance to its plan of reorganization sought an injunction to prevent the issuance of the deed. We held that, under the provisions of that statute, the corporation's right of redemption had not expired, and that the court had properly enjoined the issuance of the deed. In the statute involved in the case at bar, however, there is no such provision for redemption after the expiration of the one year period. On the contrary, it has been specifically held by the Indiana court that the period expires at midnight of the last day of that year. Jessup v. Carey, 61 Ind. 584.

We therefore hold that the action of the District Court in overruling appellant's motion to dissolve the injunction was erroneous and the order is hereby reversed and the cause remanded with instructions to dissolve the injunction and for further proceedings not inconsistent with this opinion.