In re REARDANZ.

REARDANZ v. CONNECTICUT MUT. LIFE INS. CO. OF HARTFORD, CONN., et al.

No. 6273.

Circuit Court of Appeals, Seventh Circuit.

July 3, 1937.

Luther B. Bratton, of Kankakee, Ill., for appellant.

Arthur S. Lytton, F. W. Bull, and Olaf A. Olson, all of Chicago, Ill., and Vernon G. Butz, of Kankakee, Ill., for appellee Connecticut Mut. Life Ins. Co.

John A. Mayhew, of Kankakee, Ill., for appellee Edna Westfall Prince.

Before SPARKS, MAJOR, and AL-SCHULER, Circuit Judges.

MAJOR, Circuit Judge.

This appeal is from an order of the District Court entered the 26th day of April, 1937, dismissing appellant's proceedings under section 75 of the Bankruptcy Act as amended (11 U.S.C.A. § 203).

On March 19, 1935, mortgage foreclosure proceedings were instituted by each of appellees against appellant in the circuit court of Kankakee county, Illinois, with reference to certain land then owned by appellant. By virtue of a decree of foreclosure entered in said court, the land described in each of said mortgages was sold by the master in chancery of said county on July 24, 1935, the mortgagees in each instance being the purchasers at said sale, and a certificate of sale was issued to each of said purchasers by the master in chancery. No redemption having been made by appellant within twelve months after said sale, as provided by the Illinois Redemption Statute nor thereafter by any other person authorized to redeem under said statute, a deed was issued by the master on November 2, 1936, to the appellee the Connecticut Mutual Life Insurance Company, to the property purchased by it at said foreclosure sale, and a like deed was issued by the master on October 26, 1936, to the appellee Prince, to the property purchased by her at the foreclosure sale. In the Prince foreclosure proceeding a receiver was appointed by the state court on September 11, 1935, who took over possession of the property described in this mortgage.

Appellant in April, 1935, filed his petition for relief under section 75, but after subsection (s) of that act was declared unconstitutional by the Supreme Court, appellant amended his petition and proceeded under the provisions of the general Bankruptcy Act. An adjudication was had on August 5, 1935, the case referred to a referee, a trustee was elected, and proceedings were had in the usual manner. In February, 1936, the trustee reported to the referee that there was no equity in the lands included in the mortgages herein referred to and requested that he be permitted to abandon the same. The referee approved the trustee's petition in this respect, and the property was abandoned as worthless to the estate. The same character of an order was entered with reference to the personal property of appellant.

In February, 1936, the referee filed his final report in the District Court showing no assets, which report was approved by the court, the trustee discharged, and the case declared closed. Appellant, however, made no application for discharge. On August 3, 1936, appellant filed in the District Court a petition for reinstatement under section 75 (s) as amended August 28, 1935, § 6 (11 U.S.C.A. § 203(s). Without notice to appellees the District Court on August 3, 1936, vacated the adjudication in general bankruptcy, which had been entered on July 5, 1935, and granted appellant leave to file his amended petition under the new subsection (s). Appellant filed his amended petition, a new order of adjudication was entered, and the cause referred to the Conciliation Commissioner.

On October 1, 1936, the Conciliation Commissioner executed a lease to appellant for the property included in the mortgage of the Life Insurance Company, which lease expires February 28, 1938. When appellee learned of this purported lease, it entered a motion in the District Court that the proceedings of appellant be dismissed so far as its property was concerned, and that the lease of October 1, 1936, be declared null and void. After hearing, the District Court on March 24, 1937, entered an order declaring the lease null and void, and held that the court had no jurisdiction over the property. No appeal was taken from that order. Following this the Insurance Company obtained a judgment for possession on April 1, 1937, in a forcible entry and detainer action in the state court from which no appeal was taken.

On April 9, 1937, without notice to appellees, the court entered a temporary restraining order staying further proceedings in the state court until a full hearing could be had with a view of determining if there was any relief available for appellant under section 75(s). On April

16, 1937, a hearing was had by the court in which all the parties were present, and on April 26 an order was entered vacating the temporary restraining order of April 9, 1937, denying motion of appellant to vacate the order of March 24, 1937, and dismissing appellant's proceedings. It is from this order of dismissal the case is brought here.

We have before us a written opinion by Judge Lindley who had the case in the District Court and who evidently brushed aside all technical questions which might be raised as to the right of appellant for relief under the act in question. In fact, the record bears abundant proof of the diligent and sincere effort made by him to ascertain some means by which relief might be afforded. In this effort he went far beyond the mere legal requirements of the situation. After this effort on his part he found the court had no jurisdiction of the property in question and dismissed the proceedings. In this we think he was entirely correct. Under the most liberal construction which can be placed upon the act in question, we do not see how appellant could hope for any different results.

On August 3, 1936, when appellant filed his request for reinstatement under section 75(s), appellant's right of redemption of the mortgaged properties had expired, and he had no title, either equitable or legal, in the property in question. He had no interest in it of any kind, and he had no right of possession. It was suggested by counsel for appellant in the oral argument that the mortgage foreclosure proceedings in the state court could not be given effect, and that appellees acquired no title by reason of such proceedings. Such contention as applied to the facts here presented cannot be sustained.

The purpose of the act, no doubt, is to afford relief to farmers in distressed financial circumstances, but it does not follow from this that the one who asks for such relief is without obligation to make some attempt to help himself and to deal equitably with his creditors. The record discloses that appellant not only had paid no interest on the mortgages in question, but for at least five years had neglected to pay taxes on the mortgaged property. On two occasions he permitted the property to be forfeited for nonpayment of taxes. With one minor exception

appellees have received no income from the money which they loaned him. He has on numerous occasions ignored the orders of the state court with reference to possession of the land, and at least on two occasions has been adjudged in contempt of court and sentenced to serve in jail. A corps of deputy sheriffs have been stationed on the premises in question to prevent appellant from taking possession in violation of the court's mandate. While these matters may not affect the legal rights of the parties, yet they need not be passed unnoticed by a court of equity.

During the pendency of the appeal this court, on application of appellant, granted a supersedeas order. We now think we acted under a misapprehension of the existing facts, and the order was improvidently allowed.

This order is vacated, and the order of the District Court dismissing the proceedings is affirmed.