894

## In re WRIGHT.

## WRIGHT v. UNION CENT. LIFE INS. CO.

### Nos. 6183, 6184.

Circuit Court of Appeals, Seventh Circuit.
July 3, 1937.

Rehearing Denied Sept. 20, 1937.

Samuel E. Cook, of Huntington, Ind., for appellant.

Arthur P. Feigen and Albert J. Feigen, both of Chicago, Ill., and Roscoe D. Wheat, of Portland, Ind., for appellee.

Before SPARKS, MAJOR, and AL-SCHULER, Circuit Judges.

SPARKS, Circuit Judge.

These appeals involve bankruptcy proceedings under section 75 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 203) in which appellant was the debtor. The first appeal is from an order of the District Court, on December 14, 1936, overruling the debtor's petition to review the decision and recommendations of the Conciliation Commissioner and approving the latter's recommendation that certain real estate listed as assets be stricken from the debtor's schedules. The second appeal is from an order of the court, on December 31, 1936, denying the debtor's application for permission to amend his schedules by reinstating as assets therein, the real estate theretofore stricken in Cause No. 6183.

The questions presented in both cases are practically the same and they arise out of the following facts: On October 1, 1925, the debtor was the owner of 200 acres of land in Jay County, Indiana. On that date he with his wife, Emma G., executed a mortgage upon this land to appellee to secure the payment of a note in the sum of $9,000. On the same day the debtor was the owner of an additional tract of land in the same county containing 80.31 acres, upon which appellee held a mortgage lien to secure the payment of a note for $3,000 executed by the debtor and his wife on October 1, 1925. These two tracts adjoined, constituting one farm.

On October 14, 1931, the debtor and his wife executed and delivered three separate warranty deeds to their two children and son-in-law for certain portions of the farm; that is to say,—to their son, Walter C. Wright, they deeded the 80.31 acre tract; to their daughter, Edna E. Coon, and her husband John E. Coon, they deeded separate 40-acre tracts, one to each, out of the 200-acre tract. On the same day the debtor also executed and delivered to his wife a separate warranty deed for a third 40-acre tract out of the 200 acres. The consideration named in each deed was $1 and other consideration, the receipt of which was acknowledged. The deed to Walter C. Wright was made subject to appellee's mortgage thereon for $3,000; and the deeds to Edna E. Coon, her husband and her mother, were made subject respectively to a mortgage indebtedness of $2,-500, $1,500, and $1,400 of the $9,000 mortgage indebtedness to appellee; however, there was no express assumption of such

indebtedness by any of the grantees. The deeds of the children and son-in-law were duly recorded on the day they were executed, and the one to the debtor's wife was duly recorded on February 25, 1932.

On January 3, 1934, appellee instituted an action in the Jay Circuit Court of Indiana, against the debtor and Walter C. Wright to foreclose the $3,000 mortgage on the 80.31-acre tract. The debtor's wife was not joined in the action because in the meantime she had died. On June 9, 1934, a decree of foreclosure and order of sale was entered. On July 12, 1934, pursuant to the decree, the sheriff sold this tract to appellee and issued to it his certificate of sale therefor; and upon the expiration of the year of redemption, pursuant to the Indiana Statutes, the sheriff of Jay County issued his sheriff's deed therefor to appellee on August 2, 1935.

Prior to October 30, 1934, appellee filed its complaint in the Jay Circuit Court of Indiana, for personal judgment against James M. Wright, and for foreclosure of the $9,000 mortgage, against James M. Wright, Emma G. Wright, Edna E. Coon, John E. Coon, Walter C. Wright, and the Citizens Bank of Portland, Indiana. That cause was venued from Jay County to Adams County, Indiana, and while it was pending on October 30, 1934, the debtor filed his petition in bankruptcy, under the Frazier-Lemke Act (section 75 (s), as added by Act June 28, 1934, 48 Stat. 1289, 11 U.S.C.A. § 203 note), in which he filed under oath a schedule of his property including therein the real estate which he had conveyed on October 14, 1931, to his wife and children and his son-in-law, amounting to 200.31 acres.

On April 13, 1935, Walter C. Wright, Virgie M. Wright, his wife, John E. Coon and Edna E. Coon, his wife, executed and delivered to the debtor a quit-claim deed for the real estate which he had deeded to them, and to his wife who was then deceased.

On May 27, 1935, appellee recovered a personal judgment against the debtor in the Adams Circuit Court for $11,975.11 and a decree of foreclosure of its $9,000 mortgage which covered the 200-acre tract, 120 acres of which had been conveyed by three of the four deeds hereinbefore referred to. Pursuant to that decree, on July 20, 1935, the Sheriff of Jay County, in compliance with the applicable laws of Indiana, sold the fee simple of that real estate to appellee for $12,174.31, that being the highest and best bid received, and executed and delivered to it a certificate of sale. No one having redeemed the property within the year of redemption, the Sheriff of Jay County, upon presentation of the certificate by appellee on July 20, 1936, executed and delivered his sheriff's deed to appellee for the 200 acres described in the certificate.

On September 13, 1935, appellee instituted an action in the Jay Circuit Court, against Walter C. Wright and his' wife Virgie M. Wright, for possession of the 80.31 acres. The debtor by leave of court was admitted as a party defendant, and answered that he had been duly declared a bankrupt in the Federal Court and that the State Court, for that reason, was without jurisdiction. Judgment for possession and damages went for appellee, whereupon appellants appealed to the Supreme Court of Indiana, and the judgment was affirmed April 2, 1937. See Wright et al. v. Union Central Life Insurance Co., 7 N. E.(2d) 206. On October 11, 1935, the debtor filed an amended petition in bankruptcy under the provisions of section 75 (s), as amended August 28, 1935 (11 U. S.C.A. § 203 (s).

Both records in the appeals to this court were filed February 20, 1937. The cases were consolidated for hearing, and on June 3, 1937, appellee filed its motion and petition to dismiss the consolidated appeals. On June 11, 1937, appellant filed his verified petition for a temporary order without notice, restraining appellee, until notice could be given, and for a permanent order upon hearing, from enforcing the judgment which the Indiana Supreme Court had affirmed, for possession of the 80.31-acre tract. This court issued the order and continued it until June 25, and notified both parties that both appeals would be heard on their merits at that time, and that also all pending petitions and motions would be then heard.

On June 14, 1937, appellant filed his second paragraph of petition for a restraining order, and the merits and motions were submitted and presented on the appointed day.

All questions here presented by appellant are based upon subsection (s) of section 75, as amended by the new Frazier-Lemke Act, August 28, 1935, 11 U.S.C.A. § 203 (s).

Aside from this enactment it is obvious that the debtor had no interest in 200.31 of the 280.31 acres of the mortgaged property at the time he filed his original bankruptcy petition on October 30, 1934, for he had deeded it to his wife, children and son-in-law more than three years before, and he did not again receive a deed for it until six months thereafter, which was nine months after the sheriff had sold the 80.31-acre tract, and within a very short time prior to the sale of the 200-acre tract under the foreclosure decree. At the time the debtor filed his amended petition for relief under the amended Act of August 28, 1935, appellee had received a deed from the sheriff for the 80.31-acre tract on August 2, 1935, and he held a sheriff's certificate of sale for the 200-acre tract, and under the Indiana law would have been entitled to a deed therefor on July 20, 1936, if there were no redemption. Hence, at the time of the enactment on August 28, 1935, the only interest that debtor had in the mortgaged property was a right to redeem the 200-acre tract, provided he did so on or before July 20, 1936. Indeed, that was all the interest he had when he filed his amended petition on October 11, 1935, unless the amendment of August 28, 1935, operated to extend his right of redemption.

It is contended by appellant that the amendment did so operate, not only to extend the time for redemption of the 200-acre tract, but also to void the deed for the 80.31-acre tract, and to extend the time for redemption of it.

In Lafayette Life Insurance Company v. Lowmon, 79 F.(2d) 887, we held that Congress had no power to extend the time for the redemption of land sold under execution, after that time had begun to run, that is to say after the sheriff's sale. That case did not involve the right of Congress, under its bankruptcy powers, to defer the foreclosure of a mortgage, or even a sale after a foreclosure, and those questions were not decided in that case. There the sale had been had and we thought, under the laws of Indiana, which are rules of property in that State, that at the time Lowmon filed her petition in bankruptcy under section 75, the only interest she had in the property was her right to redeem. We did not question the right of the Bankruptcy Court to administer upon that right of redemption, but we thought that the Bankruptcy Court had no right, and that

Congress had no power to bestow upon it such right, to enlarge the debtor's estate, which had been limited by the foreclosure and sale in compliance with the laws of Indiana. Certiorari was not sought in that case.

Confusion has arisen in this Circuit, however, with respect to the extent of the decision of the Supreme Court in Wright v. Vinton Branch of Mountain Trust Bank of Roanoke, 300 U.S. 440, 57 S.Ct. 556, 558, 81 L.Ed. ——. It is contended by appellant that that case, in effect, overruled the Lowmon Case and sustained subsection (s) of section 75 as to all of its provisions. We disclaim any intention of not strictly following the rulings of the Supreme Court, but we can not accept appellant's interpretation of the extent of that decision. We do not understand that the question in the Lowmon Case was before the Supreme Court in the Wright Case. In the latter case there had been no sale and the period of redemption had not begun. In the Lowmon Case there had been a sale and the period of redemption was running, in fact it expired two weeks after the petition was filed. Appellant's contention is based first upon the first paragraph of the Wright decision in which the Lowmon Case is referred to. After stating that the question for decision was whether section 75, subsection (s) as amended, was constitutional, the Court said: "In this case, the federal court for western Virginia (see In re Sherman [D. C.] 12 F.Supp. 297) and the Circuit Court of Appeals for the Fourth Circuit (85 F. (2d) 973) held it invalid. Like decisions have been rendered in other circuits. Lafayette Life Insurance Co. v. Lowmon, 79 F.(2d) 887 (Seventh Circuit); United States National Bank of Omaha v. Pamp, 83 F.(2d) 493 (Eighth Circuit). In the Fifth Circuit the legislation was sustained. Dallas Joint Stock Land Bank v. Davis (C. C.A.) 83 F.(2d) 322. Because of this conflict and the importance of the question, we granted certiorari." 299 U.S. 537, 57 S.Ct. 312, 81 L.Ed. ——. In no other part of the opinion are these cases referred to.

We interpret this paragraph as being merely a basis for granting certiorari. It is true that we suffer considerable embarrassment from the fact that in the Wright Case the court refers to the Lowmon Case as being a decision like unto those of the Circuit Courts of Appeals in the Fourth and Eighth Circuits, and the District Court

of the Fourth Circuit, and contrary to the one in the Fifth Circuit. We had thought that the question decided in the Lowmon Case was not the same as that decided in the other cases referred to. In the Lowmon Case the sale had been made and the period of redemption was running. In all other cases cited, and in the Wright Case, the sales had not been made and they were still dealing with remedies for the protection of the title to property against foreclosure or sale, while that title was yet in the debtor. There was a sale in the Pamp Case, but it had not been confirmed, and from the opinion we assume that was required under the laws of Nebraska. Under the Indiana laws, however, no confirmation by the court of a sheriff's sale or deed for land sold under execution is required. In the Lowmon Case and in this case the court was not dealing with remedies against foreclosure and sale, but with property rights which came into existence when the sales were made by virtue of the laws of Indiana. The notes and mortgages were not in existence; they were merged into the decree of foreclosure and were cancelled.

In the Lowmon Case we particularly discussed subsection (n) of section 75, and held it unconstitutional to the extent that it authorized an extension of the period of redemption. We also referred to the first sentence in subsection (s) (2) of section 75 (11 U.S.C.A. § 203 (s) (2) which in effect commands the court to carry out that authorization by extending the time of redemption for a period of three years, and we held that portion of it unconstitutional. In this sense our decision was like those referred to in the Fourth and Eighth Circuits, and unlike the one in the Fifth Circuit, for we held a portion of subsection (s) unconstitutional. The Supreme Court in the Wright Case did not say, unless by remote inference, that the facts in all the cases referred to were analogous, or that the questions presented were the same. Indeed they were not the same.

We base these conclusions upon the ruling in Board of Trade of City of Chicago v. Johnson, 264 U.S. 1, 44 S.Ct. 232, 234, 68 L.Ed. 533, where the court said: " * * * where the bankrupt law deals with property rights which are regulated by the state law, the federal courts in bankruptcy will follow the state courts" and also upon Home Bldg. & Loan Ass'n v. Blaisdell, 290 U.S. 398, 54 S.Ct. 231, 243,

78 L.Ed. 413, 88 A.L.R. 1481, where it was said: "Although the courts would have no authority to alter a statutory period of redemption, the [Minnesota] legislation in question permits the courts to extend that period, within limits and upon equitable terms." True, these decisions were prior to the enactment of amended subsections (n) and (s) of section 75 (11 U.S.C.A. § 203 (n, s), but we think that makes no difference. If the extension of the time of redemption must be considered as a remedial right instead of a fixed property right, then the bankruptcy court under its broad equitable powers would perhaps have the inherent power to extend the time without permissive Federal legislation. In the Blaisdell Case it was said that the courts had no authority to alter a statutory period of redemption, and the court based its decision on the permissive amendment of the Minnesota legislation. Hence we concluded that the right to extend the time of redemption was not considered of a remedial character, but was regarded as a property right to be governed, by the state law under the ruling of the Chicago Board of Trade Case, supra.

These late expressions of the Supreme Court lead us to believe that it did not intend to declare a different doctrine in the Wright Case, especially since that question was not then before it. The question presented is of such importance that we feel it our duty to adhere to the ruling in the Lowmon Case unless and until the Supreme Court shall hereafter hold to the contrary upon that issue.

It seems to us that if Congress has the power under the constitution to prolong or in any way limit the time of redemption as fixed by the laws of Indiana, for the purpose of increasing the estate of the debtor, or increasing his rights in property to which he has no title, or for any other purpose, then it would have the same right for the same purpose to alter the laws of descent of that state, or to permit federal construction of her transfer statutes contrary to the views of her own courts. We have never thought that such power was contemplated by the federal constitution, even under its broadest construction.

Appellant urges that the effect of the decision in the Wright Case upholds each and every provision of subsection (s). We think it upholds only those portions which were pertinent to the questions raised in

that case, which did not include the right of the bankruptcy court to extend the time for redemption after that period had begun to run.

From what has been said we overrule appellee's petition to dismiss the consolidated appeals, and the restraining order is dissolved. There was no error in striking from appellant's schedule of assets the real estate here involved in cause No. 6183, nor was there error in denying appellant's motion to reinstate that real estate in his schedule of assets in cause No. 6184.

Decrees affirmed.