In re DENNEY.

DENNEY v. FORT RECOVERY BANKING CO.

No. 6492.

Circuit Court of Appeals, Seventh Circuit.

Oct. 19, 1938.

Samuel E. Cook, of Huntington, Ind. (Homer E. Bailey, of Huntington, Ind., of counsel) for appellant.

James J. Moran, of Portland, Ind., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order dismissing a proceeding instituted under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203.

On March 31, 1936, pursuant to a decree of foreclosure entered in the State Court of Indiana, the Sheriff of the appropriate county sold the real estate involved in the proceeding to respondent, the mortgagee therein. March 30, 1937, one day before the expiration of the period of redemption provided by the law of said state, petitioner filed a petition for composition and extension of his debts under Section 75. The matter was referred to the Conciliation Commissioner, a meeting of creditors was held May 28, 1937, the offer of composition and extension proposed refused by the creditors and the Commissioner's report was subsequently approved by the Court.

■ June 5, 1937, petitioner filed his amended petition under Subsection (s) of Section 75, 11 U.S.C.A. § 203(s) asking to be adjudged a bankrupt and praying for the benefits provided by such subsection. June 9, 1937, respondent filed its motion to dismiss said amended petition on the ground that the debtor was not entitled to the benefits of said Act. July 6, 1937, petitioner filed his objection to the petition for dismissal and the matter was referred to a Special Master for hearing and report. July 22, 1937, the Special Master filed his report and after reciting the various steps which had been had in the matter, and other facts not here material, stated:

"It will be noticed that debtor commenced this action one day before the year of redemption expired. In the case of Wright v. Union Central Life Insurance Company, 91 F.2d 894, arising in this District and Division, wherein on the 3rd day of July, 1937, the Circuit Court of Appeals for the Seventh Circuit sustains a ruling of this Court, the Appellate Court takes occasion to restate its holding in the case of In re Lowmon, 7 Cir., 79 F.2d 887, 889, in respect of the year of redemption in Indiana, and as I understand the cases, holds that the year of redemption in Indiana is not and cannot be enlarged or extended by the provisions of Section 75(s) of the Bankruptcy Act as amended.

"It therefore seems at the very best there is nothing for the Court in bankruptcy to administer but the property right of one day of the year of redemption, which, obviously has no value in this case."

The report recommended that the petition be dismissed, which report was approved by the court October 19, 1937. The appeal is from the order of the court approving this report. Undoubtedly, the Master and the Court relied upon the cases cited in the report and properly applied the law as therein announced. The holding of this Court in Wright v. Union Central Life Insurance Company, 7 Cir., 91 F.2d 894, however, was subsequently reversed by the Supreme Court, 58 S.Ct. 1025, 82 L.Ed. 1490, in its opinion of May 31, 1938, and applying the law as therein stated, the dismissal of the petition for the reason assigned was erroneous.

■ Respondent presents other questions, chief of which is the claim that the petitioner at the time of filing his petition, was not a farmer within the terms of the Act; that his offer of composition was not made in good faith and that there was no reasonable hope of his rehabilitation. All of these questions, in our judgment, are pertinent and material in a proceeding of this character if opportunely presented.[1]

Respondent, however, did not directly raise any of these questions in the court below. They were not an issue and the petition was dismissed for the reason heretofore related. Notwithstanding this situation, we are urged to make such findings. Irrespective of our authority in the matter we do not think such procedure would be fair to the litigants and in addition, the trial court, who has before it the parties and the witnesses, is in a better position to determine such matters in the first instance.

Reversed.

---

[1] See Wright v. Vinton Branch, 300 U. S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455, wherein Justice Brandeis on page 462, 57 S.Ct. on page 561, discusses the rights of a creditor or mortgagee in these respects.