### In re McCULLOCH.
### McCULLOCH v. SCHAFER.

No. 6500.

Circuit Court of Appeals, Seventh Circuit.

Dec. 22, 1938.

C. R. McBride, of New Albany, Ind., for appellant

Edgar B. Martin, of New Albany, Ind., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal from an order entered October 20, 1937, in a proceeding filed by appellant for relief under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, sustaining appellee's objections to jurisdiction and his petition to strike certain real estate from the schedules of the debtor; striking the real estate; and directing the conciliation commissioner to make his report without taking any action as to that real estate.

Appeal was duly allowed by the District Court, and appellant filed his printed record and brief in this court. Appellee entered no appearance and filed no brief. At the time a number of cases involving the same subject matter were being held under advisement by this court pending decision by the Supreme Court of the case, Wright v. Union Central Life Insurance Company, 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490. Upon decision of that case on May 31, 1938, holding section 75 (n), 11 U.S.C.A. § 203 (n) constitutional, and that the period of redemption provided by

state law might validly be extended for purposes of relief under section 75, we notified appellee that if he so desired he might file a brief in the cause, notwithstanding the fact that his time for doing so had long since expired under the rules of this court. In response, appellee entered special appearance and moved to dismiss the appeal for the reason that appellant had not had citation issued and served upon him, and that more than thirty days had expired since the allowance of the appeal. Appellant thereupon denied failure to comply with the rules of court, but did not show proof of service of citation, nor does the record indicate that it was ever served. The record does not disclose whether or not the appeal was taken in open court. The motion to dismiss was denied without prejudice to the right of appellee to renew it upon the hearing on the merits.

 A citation to the appellate court is not jurisdictional of the cause. Its purpose is to give notice to the appellee that an appeal will be prosecuted so that he may appear if he so desires. Sutherland v. Pearce, 9 Cir., 186 F. 783; The Framlington Court, 5 Cir., 69 F.2d 300; U. S. v. Hairston, 8 Cir., 55 F.2d 825. The Circuit Court of Appeals for the Eighth Circuit stated in the latter case: "While the rule is made with the expectation that it will be obeyed, its violation does not destroy the jurisdiction of this court." See also Robertson v. Morganton Hosiery Co., 4 Cir., 95 F.2d 780; Weinstein v. Black Diamond S. S. Corp., 2 Cir., 31 F.2d 519. We therefore hold that dismissal of the appeal is not mandatory because of failure of appellant to serve citation, although certainly orderly procedure would dictate that the rules be strictly followed. Appellee has not attempted to show that he was prejudiced in any way by not receiving citation. He received notice from the clerk of this court of his right to enter appearance and file his brief, and again, he was notified that his motion to dismiss was denied, and later, that oral argument would be dispensed with unless requested by the parties. Under these circumstances, we are of opinion that he had received adequate notice of the appeal, and that the court was not deprived of jurisdiction by appellant's failure to serve formal notice upon him.

We come then to a consideration of the merits of appellant's cause. The record indicates that appellant filed his petition for relief under section 75 on May 28, 1937. Among his other assets he scheduled a 35 acre tract of land with an estimated value of $25,000, encumbered by a $5,500 mortgage held by appellee. May 29, 1937, the court approved the petition as properly filed, issued a restraining order to prevent any lien holders or creditors from instituting or maintaining any actions against the debtor or his property, and any sheriffs or such officers from serving or executing any writ or other process relating to any proceeding enumerated in subsection (o) of section 75, 11 U.S.C.A. § 203 (o). On June 8, the matter was referred to a conciliation commissioner for further proceedings. September 3, 1937, appellee, the creditor who held the mortgage referred to above, filed a petition in effect asking that the real estate covered by his mortgage be stricken from the schedules and the restraining order dissolved as to that property for the reason that foreclosure proceedings had been carried on by him, and the debtor's period of redemption had expired on May 29, 1937. October 20, acting on this petition, the court struck the real estate from the schedules and ordered the conciliation commissioner to exclude it in making his report. In support of his order he cited the cases of Lafayette Life Insurance Co. v. Lowmon, 7 Cir., 79 F.2d 887; Reardanz v. Connecticut Mutual Life Insurance Co., 7 Cir., 91 F.2d 410; and Wright v. Union Central Life Insurance Co., 7 Cir., 91 F.2d 894.

It thus appears that the order of the court striking the real estate was predicated entirely upon certain holdings of this court to the effect that relief under section 75 of the Bankruptcy Act was inapplicable in cases where the period of redemption expired, and that Congress could not effectively extend the period as fixed by state statute. The decision of this court in the last cited case, Wright v. Union Central Life Insurance Company, was reversed by the Supreme Court on May 31, 1938. 304 U.S. 502, 58 S.Ct. 1025, 82 L. Ed. 1490. In its decision, that Court held subsection (n) constitutional. Following that decision, this court has since ruled in a number of cases[1] that the effect of the

---

[1] See In re Price, 7 Cir., 99 F.2d 691; In re Pate, 7 Cir., 99 F.2d 694; In re Keever, 7 Cir., 99 F.2d 696; In re Denney, 7 Cir., 99 F.2d 712; In re Arnold, 7 Cir., 100 F.2d 621, all decided by this court this term.

filing of a petition for relief under section 75 is to suspend the running of the period of redemption for a sufficient time to carry out the purposes of the Act so that the debtor may attempt to effect a composition or extension, and if such attempt fails, he may then amend his petition to pray adjudication in bankruptcy and seek the benefits of subsection (s).

It does not appear from this record that any inquiry was made as to whether the debtor was in fact a farmer as defined in section 75 (r), 11 U.S.C.A. § 203 (r) entitled to the benefits of the Act, or whether there was any feasible, good-faith offer of composition or extension of his debts capable of confirmation by the court in accordance with section 75 (i), 11 U.S.C. A. § 203 (i). Cf. In re Denney, 7 Cir., 99 F.2d 712, decided by this court October 19. The property was simply stricken on a showing that the period of redemption expired two days after the filing of the petition. On the authority of the Wright Case, supra, the order of the District Court is reversed, and the cause remanded for further proceedings.