## CINCINNATI, HAMILTON AND DAYTON RAILROAD COMPANY *v.* McKEEN.

CERTIFICATE FROM THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 1024.  Submitted December 12, 1892. — Decided May 1, 1893.

This case coming on to be heard before the Circuit Court of Appeals, consisting of the Circuit Judge and two District Judges,. one of the judges was found to be disqualified to sit in it, and another was unwilling to sit, whereupon the court certified to this court questions and propositions of law concerning which it desired the instruction of this court, and directed the clerk to transmit with the certificate twenty copies of the printed record in the cause.  *Held,*

(1) .That the certificate was irregular, as a quorum of the court did not sit in the case;

(2) That it did not comply with rule 37 of this court, inasmuch as it did not contain a proper statement of the facts on which the questions or propositions of law arose;

(3) That the act of March 3, 1891, does not contemplate the certification of questions or propositions of law to be answered in view of the entire record in a cause; although this court may order an entire record to be brought up in order to decide, as if the case had been brought up by writ of error or appeal.

THE case is stated in the opinion.

*Mr. Lawrence Maxwell, Jr.,* for appellant.

*Mr. W. H. H. Miller* and *Mr. John M. Butler* for appellee.

Mr. Chief Justice Fuller delivered the opinion of the court.

This is a certificate from the United States Circuit Court of Appeals for the Seventh Circuit. It appears therefrom that the case came on to be heard before the Circuit Judge and two District Judges holding that court, on January 13, 1892, the Circuit Justice not being in attendance or able at that time to attend; that one of said judges was unwilling and another disqualified to sit upon the final hearing and determination of the appeal, and that it appearing to the court that the appeal involved questions of law of great importance which should be certified to the Supreme Court of the United States, it was thereupon ordered that certain questions and propositions of law be, and the same were thereby, certified to this court as questions or propositions concerning which the Circuit Court of Appeals desired the instruction of this court for their proper decision. After stating the questions, the certificate concluded with a direction to the clerk to transmit to the clerk of the Supreme Court of the United States, in connection with the certificate, twenty copies of the printed record in the cause, and it is apparent that reference to that record is necessary in order to the correct determination of the questions. On December 12, 1892, a motion was made in this court that the transcript of the record sent up by the Circuit Court of Appeals be received, and that the whole record and the cause be retained in this court for its consideration. On December 19, this motion was denied, and it was further ordered that "counsel be allowed to submit briefs on the questions whether the certificate in this cause is valid, and if so, whether it is sufficient under the act creating the Circuit Court of Appeals to be proceeded upon by this court." No suggestions have been made or briefs submitted by counsel.

We are of opinion that a certificate of questions or propositions of law concerning which a Circuit Court of Appeals

desires the instruction of this court for their proper decision is irregular when a quorum of its members does not sit in the case, (*United States* v. *Emholt,* 105 U. S. 414,) and that this certificate does not comply with rule thirty-seven of this court, inasmuch as it does not contain a proper statement of the facts on which the questions or propositions of law arise. While we have the power to require the whole record and cause to be sent up to us for consideration and decision, the sixth section of the Judiciary Act of March 3, 1891, does not contemplate that questions or propositions of law shall be propounded and the entire record thereupon transmitted for us to answer such questions or propositions in view thereof. It is for us, when questions or propositions are certified, accompanied by a proper statement of the facts on which they arise, to determine whether we will answer them as propounded or direct the whole record to be placed before us in order to decide the matter in controversy in the same manner as if the case had been brought up by writ of error or appeal.

We must decline, therefore, to answer the questions contained in this certificate, and order the case to be

*Dismissed.*