STATE-PLANTERS BANK & TRUST CO. ET AL. *v.* PARKER ET AL., TRUSTEES IN BANKRUPTCY.

No. 166. Argued March 4, 1931.—Decided April 20, 1931.

*Messrs. Percy S. Stephenson* and *Littleton M. Wickham,* with whom *Messrs. J. Jordan Leake* and *A. S. Buford, Jr.,* were on the brief, for State-Planters Bank & Trust Co. et al.

*Mr. John W. Oast, Jr.,* with whom *Mr. Leon T. Seawell* was on the brief, for Parker et al.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The facts stated in the certificate follow.

July 1, 1925, Edwards-Slaughter Co., Inc., executed a deed of trust to State-Planters Bank and Trust Company to secure $60,000 in bonds, the payment of which was guaranteed by First National Company. It also executed and delivered to the bank its promissory note in the sum of $20,000, secured by a preferred maritime mortgage on

one of its vessels, to be held under the terms of the trust instrument as security for the bonds. In accordance with article ten of the deed, which required that, so long as any of the bonds should be outstanding, the bankrupt should carry fire and marine insurance on its steamers, endorsed to the trustee, policies upon the vessel in the amount of $60,000, payable to the bankrupt and to the bank as trustee, were duly delivered to the latter. Subsequently, when these policies were about to lapse for nonpayment of premiums, the bank paid the same and renewed the policies with funds furnished to it upon demand by the guarantor.

The steamship was destroyed by fire on September 18, 1927, and the net sum of $58,256.67 was collected on the policies. A controversy arose as to whether the whole fund or only $20,000 thereof was applicable to the bonds secured by the deed of trust, the bank contending that it was entitled to apply the entire amount to this purpose, because of a provision of the deed to the effect that all proceeds of insurance should be treated in the same manner as those from a sale by foreclosure and should be applied in payment of bonds. For the purpose of determining this dispute the bank filed its bill in the state court, against the bankrupt and others, in which it alleged that the holders of the bonds and coupons were entitled to the entire proceeds of the policies, but that, as certain claims had been asserted thereagainst by others than the bond and coupon holders, it desired to have the guidance and protection of the court, and therefore requested it to supervise the distribution of the fund. The bankrupt and the guarantor filed answers alleging that the whole of the insurance moneys should be applied to the payment of the bonds and coupons, and praying that they be so used.

The suit was instituted February 8, 1928, and on May 24 was referred to a master in chancery, who filed his re-

port on September 29. Prior thereto, on August 8, Edwards-Slaughter Co., Inc., had been adjudged a bankrupt. Upon the filing of the master's report the district judge issued a rule against the bank and its attorneys, Leake and Buford, to show cause why they should not be enjoined from further prosecuting the suit in the state court. This rule was made absolute, and an order was entered directing the bank to pay the fund in its hands into the bankruptcy court. From this order the bank and its attorneys appealed. Pursuant to the order the fund was paid over to the trustees and is now held by them.

First National Company, not having been made a party to the rule, filed its petition challenging the jurisdiction of the court to interfere with the state court proceedings, or summarily to require an adverse claimant of the fund in controversy to pay the same into court, and praying that the injunction and order be set aside and the money returned to the bank. Upon objection by the trustees in bankruptcy the court declined to permit the guarantor to intervene or file its petition, and it also has appealed.

Three questions are certified. The first is:

"1. Where a trustee under a mortgage, having in its possession a fund which it claims to be subject to the mortgage, institutes a suit in a state court of chancery asking the court to declare the rights of the parties in the fund and supervise the distribution thereof, and makes parties thereto and obtains service upon all persons claiming an interest in the fund, who file answers praying action on the part of the court, does the state court acquire such jurisdiction of the *res* as gives it exclusive jurisdiction to determine the rights of the parties in the fund and order the distribution thereof? "

This need not be answered. It is unnecessarily general, and has no reference to any conflict between the jurisdiction of a court of bankruptcy and a state court. See *White* v. *Johnson*, 282 U. S. 367, 371, and cases cited.

The second and third questions may be considered together. They are:

" 2. Where a state court has acquired jurisdiction of the *res* in a suit instituted by a trustee to have the rights of claimants declared in a trust fund and to have such fund distributed under direction of the court, does the bankruptcy of one of the claimants of the fund occurring more than four months after the institution of the suit in the state court oust the state court of jurisdiction and vest exclusive jurisdiction in the bankruptcy court to determine the rights of the parties in the fund?

" 3. Where a fund claimed by a trustee in bankruptcy is held by a trustee under a mortgage executed by the bankrupt under a *bona fide* and substantial claim that it should be applied on bonds secured by the mortgage, has the court of bankruptcy the power to order its transfer to the trustee in bankruptcy in a summary proceeding? "

These constitute but one question. The facts stated do not involve the right of a trustee in bankruptcy to institute a plenary suit against an adverse claimant, or to be substituted for the bankrupt in a pending proceeding. The only question is as to the power to proceed summarily in disregard of an existing action in a state court having jurisdiction.

We do not answer these questions because the certificate does not contain a sufficient statement of the facts upon which the propositions of law arise (*Cincinnati, H. & D. R. Co.* v. *McKeen,* 149 U. S. 259; *United States* v. *City Bank,* 19 How. 385; *Cross* v. *Evans,* 167 U. S. 60) and suggests the existence of facts which might require a different answer from that which would be given were they absent. See *White* v. *Johnson, supra.*

Without expressing an opinion upon their legal effect, we note the following matters:

The other claims which were made against the fund in the hands of the mortgage trustee are not defined; if they

were claims of liens, the nature, the dates of creation, and the possible priorities of such liens are not stated. How the bankruptcy of the debtor might affect them cannot be determined. It does not appear whether the owners of these claims were made parties to the proceeding from which the appeal was taken, or whether they had notice of it.

We are told that the bankrupt answered in the state court action and prayed that the fund be applied in payment of bonds and coupons, but the date when this occurred is not given.

It is not clear whether the only question before the state court was one of law, namely, the construction of a clause of the deed of trust, or whether there were other questions of law or fact involved. It is disclosed that the guarantor of the bonds, although a defendant in the state court, was not made a party in the bankruptcy proceeding, was refused a hearing therein, and is one of the appellants.

Inasmuch as the summary jurisdiction of the district court is challenged, any of these features of the case may have an important bearing upon a correct decision. To answer the questions as framed would, in view of what is omitted from them, though brought to our notice by the statement of facts, lead rather to misunderstanding and confusion than to the clarification of applicable rules of law.

The certificate will be

*Dismissed.*