## FORD v. MUTUAL BEN. LIFE INS. CO.
### No. 10352.

Circuit Court of Appeals, Eighth Circuit.
March 13, 1936.

R. M. Sheppard, of St. Joseph, Mo., for appellant.

Ben Phillip, of St. Joseph, Mo. (Culver, Phillip, Kaufmann & Smith, of St. Joseph, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

On July 2, 1934, appellee filed suit to foreclose the lien of a deed of trust dated December 31, 1924, and recorded November 17, 1925, covering 220 acres of land in Clinton county, Mo., executed by the then owners, appellant and his wife, to secure payment of a note for $16,500. The appellant, on September 8, 1934, filed his petition to be adjudged a bankrupt, and was adjudicated a bankrupt on that date. On the same day he filed his supplemental answer in the foreclosure suit, setting up the proceedings in the bankruptcy court and praying that the foreclosure be suspended and that the mortgagee be required to present and prove its claim in the bankruptcy court. On January 10, 1935, decree of foreclosure was entered and a sale ordered. A motion to vacate the decree was made, but was denied with the understanding that, if the appellant could show, after the sale was made, that the court had been without jurisdiction to enter the decree of foreclosure by reason of the bankruptcy proceedings, the sale would not be confirmed. After the sale was made, the appellant filed his objections to confirmation on the ground that the court had been without jurisdiction to enter the foreclosure decree by reason of the prior adjudication in bankruptcy. The objections were overruled, and the bankrupt has appealed to this court.

He contends that, after the bankruptcy court acquired jurisdiction of his estate, the District Court was without jurisdiction in equity to decree foreclosure or sale of mortgaged property belonging to the bankrupt estate save by consent of the bankruptcy court. He also contends that, after the petition in bankruptcy was filed and adjudication was made, the bankruptcy court became vested with exclusive jurisdiction over the estate of the bankrupt, and that, if the mortgagee desired to prosecute foreclosure, it should have applied to the bankruptcy court for leave.

We think all of the contentions' of the appellant have been settled adversely to him by the decision of the Supreme Court in Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 467, 75 L.Ed. 1060. The deed of trust which the appellee-mortgagee creditor sued to foreclose was a valid lien upon the property of the appellant, created years before the institution of the foreclosure suit. It was therefore "saved from the operation of the [bankruptcy] law," and, inasmuch as the foreclosure suit was brought before bankruptcy was applied for, the bankruptcy court was "without jurisdiction to enjoin the prosecution of the creditor's action, instituted prior to the filing of a petition in bankruptcy, to bring about a judicial sale of the real estate." Straton v. New, supra. See, also, McGonigle v. Foutch (C.C.A.8) 51 F.(2d) 455.

The case of Isaacs v. Hobbs Tie & Timber Company, 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645, relied on by the appellant, is not applicable here. In that case the question was whether foreclosure proceedings could be brought to foreclose a mortgage upon the land of the bankrupt after the bankruptcy court had acquired jurisdiction of the estate.

The decree of the District Court should be, and is, affirmed.