**In re DRUSILLA CARR LAND CORPORATION.**

**GARY LAND CO. v. DRUSILLA CARR LAND CORPORATION et al.**

Nos. 6716, 6736.

Circuit Court of Appeals, Seventh Circuit.

Feb. 25, 1939.

Kemper K. Knapp and Harlan L. Hackbert, both of Chicago, Ill., and Frank B. Pattee, of Crown Point, Ind., for appellant.

Everett G. Ballard, of Chicago, Ill., and Glenn W. Springmann and Armand Prete, both of Gary, Ind., for appellees.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Appellant appeals from an order of the District Court overruling its motion to vacate an order restraining it from proceeding in the state court to enforce its lien upon real estate alleged to belong to the debtor, which lien arose out of appellant's payment of taxes on that property since the year 1912.

Appellee filed its petition for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, on October 26, 1937, setting out that its business was the ownership and operation of real estate of 110 acres more or less, estimated to be of a value of $350,000, against which were liabilities totalling about $106,340 chiefly arising out of taxes and special assessments. The petition was approved as properly filed under section 77B, and a temporary trustee appointed to take over and maintain the assets of the debtor. On the same day the court entered its order restraining, among other things, the continuation of any state court proceedings to enforce any liens.

On November 26, 1937, appellant filed its petition for leave to intervene in the proceedings, and its motion to modify the restraining order by permitting it to proceed to enforce the terms of a decree entered in 1931 by a state court in its favor. In support of its petition and motion it set up the following facts: On January 7, 1931, the Circuit Court of Porter County, Indiana, entered its decree in a suit brought by certain alleged owners of the tract of land here involved for partition of that tract. By that decree, appellant who had filed a cross-complaint based on ownership of a series of tax deeds to the property, was held to be the owner of a valid tax

lien in the amount of $59,053 with interest from September, 1930, and entitled to enforce payment by foreclosure on its lien unless it was discharged within 120 days by payment of the full amount due; the decree further recited that in case of default of payment within the 120 days, the lien rights were thereby foreclosed as against all parties, and that in making sale, the sheriff was directed to offer first the rents and profits for a period not to exceed seven years, but if that were insufficient to discharge the lien, then the fee simple of the land was to be offered, and whether there was sale or lease, there was to be no redemption. This order was affirmed on appeal, February 2, 1934, and transfer to the Supreme Court of Indiana denied in February, 1935. Patterson v. Gary Land Company, 101 Ind.App. 644, 188 N.E. 685. It appears from the opinion in that case that this tract of land had been involved in almost continuous litigation from the year 1908 when Drusilla Carr, claiming title by adverse possession since 1876, brought suit against the owners of record of the approximately 89 acre tract of land, to quiet title to it.[1] During the course of that litigation Mrs. Carr had conveyed undivided interests in the tract to a number of different persons, and in 1924, certain of them instituted a suit which resulted in partition of the tract between the then owners. Subsequently Mrs. Carr conveyed undivided interests in the tract which had been set off to her. She died in 1930, leaving her remaining interest in the property to her children and grandchildren.

The opinion of the Indiana Appellate Court in the Patterson case comments on the fact that during the entire period from 1876 when Mrs. Carr alleged that her occupancy of the tract began, neither she nor any of the parties taking title through her had ever paid any of the taxes on the land, with the exception of two undivided interests which were redeemed in 1917 from a tax sale of one year, 1915. Taxes were paid by the owners of record until 1910, after Mrs. Carr's suit to quiet title was started, and after 1910 they went delinquent. Appellant's predecessor in title, one Frank Pattee, began bidding at the tax sales on the property in 1912, and bid in the property at every sale from then on until 1929 when he conveyed his interest to appellant who has paid the taxes since. Either Pattee or appellant obtained tax deeds within the statutory period after each sale. However, the taxes continued to be assessed against the entire tract of 88.76 acres, in the names of the original owners of record until Pattee had bid in the entire tract and received tax deeds to all of it, after which he was assessed for the entire tract. Neither Mrs. Carr nor any of her grantees ever had any portion of it transferred to their names on the tax records for assessment purposes. Pattee's tax deeds were held defective to convey the title to him, although, as the court held in 1931, they were sufficient to give him and appellant as his successor a valid tax lien on the property.

After the Indiana Appellate Court affirmed the decision of the lower court, and the Supreme Court refused to transfer the cause, some, but not all of the owners of the fee purchased for $50 the charter of a corporation which had ceased to do business some time before, and had no assets at that time, changed its name to Drusilla Carr, Inc., conveyed their interests in the tract by quitclaim deeds to it, and, in June, 1935, filed its petition for reorganization under section 77B. After reference to a special master, his recommendation that a motion of the Gary Land Company to dismiss the petition should be sustained was approved and adopted by the District Court. Upon appeal by the debtor to this court, we affirmed without opinion the order of the District Court dismissing the petition for reorganization under section 77B. Our action was had on October 22, 1937. The record discloses that on the following day, Saturday, October 23, the Board of Directors of a second corporation, Drusilla Carr Land Corporation, which had been organized in July, 1937, by three men who were officers of Drusilla Carr, Inc., met and adjourned to October 25, on which day they again met and adopted a resolution to file a petition for the reorganization of the corporation under section 77B, which petition was filed the following day.

While the petition for reorganization stated that the assets of the corporation consisted of a tract of land containing 110 acres more or less, a comparison of the description with that of the tract involved in the state court proceedings indicates that it is the same tract on which appellant was decreed to have a valid tax lien which it

---

[1] See Hitt v. Carr, 62 Ind.App. 80, 109 N.E. 456; Philbin v. Carr, 75 Ind.App. 560, 129 N.E. 19, 706; Hitt v. Carr, 201 Ind. 17, 162 N.E. 409.

was entitled to foreclose upon failure of appellee's predecessors in title to redeem 120 days after January 7, 1931. The opinion of the Indiana Appellate Court previously referred to states that that tract contains 88.76 acres. We accept this figure as the acreage rather than the "110 more or less" recited in the petition for reorganization. Sixty-five acres of this were involved in the reorganization proceedings disposed of by this court the day before operations looking toward the institution of the present proceeding were had. The source of appellee's title to this 65 acres is not clear.

Appellant was granted leave to intervene in the debtor proceedings but its motion to vacate the restraining order as to it was denied. The debtor proposed a plan of reorganization based on an alleged offer to purchase the tract of land for a sum sufficient to pay all claims against it. This plan was later stricken and an amended one filed, contemplating sale by the trustee of as much of the land as was necessary to pay all claims against the debtor.

Appellee's position with respect to its present rights in the land is difficult to understand. It concedes that it has no right of redemption remaining in the land, and no right, since the expiration of the 120 days from the date of the state court decree, to pay appellant or the clerk of the court the amount due on that decree (now amounting to about $84,000). Even in the face of that concession, however, it argues that it has something to sell to a third party, hence that it has a right to continue to have appellant restrained from completing the sale in the state court whereby it could obtain the money due it or bid in the property itself. The special master to whom the matter was referred apparently agreed with that contention since he found that "the debtor corporation has assets, howsoever speculative they may be as to value, which should be administered by this court, without interference by or on the part of any creditor of the debtor, whether a general creditor or a lien creditor; that to vacate the existing restraining order would or might let down the bars to all sorts of interruptions to what I believe will be the earnest efforts of the debtor to save such assets for itself and all its creditors * *."

We do not so understand the law. Upon the expiration of the period of redemption, all that remained in the owners was the naked legal title, subject to being divested upon sale in accordance with the state court decree. Of course there was nothing to prevent the owners from conveying it to anyone who might be willing to take it, corporation or individual, but such conveyance conveyed only what the owners themselves had, and could not revive an expired period of redemption.

Appellee cites the case In re Argyle-Lake Shore Bldg. Corp., 7 Cir., 78 F.2d 491, as authority for the proposition that a court may protect a debtor's equity of redemption by enjoining a tax sale. In that case, however, it is to be noted that the statute held to be applicable specifically provided that realty could be redeemed from tax sales after the expiration of the statutory period of redemption at any time up to the execution of the deed. There is no such statutory provision involved in the case before us, and the facts in this case are very different from those of the Argyle case.

Here we have a debtor who, if it had title to the land it claimed to own, acquired such title to the greater part of it by conveyance from a former would-be debtor whose petition was held by this court not to have been filed in good faith, hence properly dismissed, only a few days before the petition here involved was filed. In addition, we find from the record in this and the previous cases and from the opinion of the Indiana court, that the appellant and its predecessor in title appear to be the only parties who have actually made any substantial investment in the tract of land. While appellee's predecessors in title occupied the land from the year 1876, they have never paid any taxes on it, and it is inferable from the record that they have never made any substantial improvements on it, although they do appear to have collected considerable income from it for several years from ground rents for plots leased for summer cottages erected very cheaply by the lessees and belonging to the builders. This income appears to have amounted to about $10,000 a year.

We agree with appellant that the facts here disclosed are such that the continuation of the interference with its right to proceed to enforce its lien in the state court constituted an abuse of the court's discretion. We find nothing in the Act to justify such interference. The plans submitted by appellee for reorganization contemplate liquidation of the property rather than actual rehabilitation, and we see no

reason why such liquidation should not proceed in accordance with the state court order, already delayed almost eight years, instead of in the federal court. Cf. Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355, 85 A.L.R. 128, where the Court condemned what seems to be a somewhat analogous situation which arose prior to the enactment of section 77B. See also, In re Prudence Co., 2 Cir., 90 F.2d 587; In re Coney Island Hotel Corp., 2 Cir., 76 F.2d 126; In re Murel Holding Corp., 2 Cir., 75 F.2d 941, in all of which cases, motions to vacate orders staying prosecution of state court foreclosure proceedings were held wrongly denied.

Decree reversed, and cause remanded with instructions to vacate the order restraining appellant from continuing its state court proceeding, and for further proceedings in accordance with this opinion.