## In re DRUSILLA CARR LAND CORPORATION.

### VALE v. GARY LAND CO.

#### No. 7033.

Circuit Court of Appeals, Seventh Circuit. Nov. 2, 1939.

Rehearing Denied Dec. 5, 1939.

Harry Long and Ellis C. Bush, both of Gary, Ind., for appellant.

Kemper K. Knapp and Harlan L. Hackbert, both of Chicago, Ill., and Frank B. Pattee, of Crown Point, Ind., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order entered June 6, 1939, vacating a restraining order of June 1, 1939, enjoining a sheriff's sale of certain real estate to be had in compliance with the terms of a state court decree entered in appellee's favor in 1931.

The real estate involved in the instant controversy has been the subject of litigation in the State and Federal Courts for almost thirty years. It has recently been before this court on two occasions. In re Drusilla Carr, Inc., 7 Cir., 93 F.2d 1002; In re Drusilla Carr Land Corp., 7 Cir., 101 F.2d 897. In the latter case a statement of the pertinent facts is related and it would serve no good purpose to repeat it in detail. It is sufficient to note here that on January 7, 1931, there was entered in the Circuit Court of Porter County, Indiana, a decree in which it was found there was due the appellee the sum of $59,053, with interest from September, 1930, on account of valid tax liens owned by it, payment of which was decreed by a foreclosure unless such liens were discharged within 120 days by payment of the amount due. It was further decreed that in default of payment within 120 days, said liens were to be satisfied by a sheriff's sale of the property. This decree was affirmed on appeal by the Appellate Court of Indiana, Patterson v. Gary Land Co., 101 Ind.App. 644, 188 N.E. 685, February 2, 1934, and transfer to the Supreme Court of that state denied in February, 1935. Further particulars concerning this proceeding in the State Court, with the citation of authorities, may be found in our former opinion. 101 F.2d 897.

In June, 1935, appellant's immediate predecessor, Drusilla Carr, Inc., filed its petition for reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The cause was dismissed by the District Court for lack of good faith, which

order was affirmed by this court in the case first above referred to. 93 F.2d 1002. On the following day, the alleged assets of Drusilla Carr, Inc., were transferred to the present appellant, and another 77B proceeding instituted by it. An appeal to this court was had in that proceeding from the order of the District Court enjoining the present appellee from conducting a sale in conformity with the State Court decree above referred to. Shortly after the decision of this court (101 F.2d 897) appellant dismissed its proceeding under 77B and filed a petition to be adjudicated a bankrupt under what is referred to as "straight bankruptcy." It was in this latter proceeding that the order here appealed from was entered.

Appellee argues that the question now presented is precisely the same as that heretofore decided by this court, and that our former decision is therefore res adjudicata. Appellant, on the other hand, argues that the issues are different for the reason that the former order appealed from was entered in a proceeding for the rehabilitation of the debtor corporation, while the proceedings in the instant case are for its liquidation. We are satisfied there is no merit in this argument. It will be observed that there is involved the same parties, the same real estate, and the same essential question; that is, what, if any, interest the bankrupt has in the property, the sale of which is sought to be enjoined. The first paragraph in our former opinion (101 F.2d 897) reads:

"Appellant appeals from an order of the District Court overruling its motion to vacate an order restraining it from proceeding in the state court to enforce its lien upon real estate alleged to belong to the debtor, which lien arose out of appellant's payment of taxes on that property since the year 1912."

Exactly the same question is here presented, except in the instant case the appeal is from an order of the District Court vacating its order to enjoin the proceeding in the State Court to enforce the same lien against the same property. Appellant undertakes to maintain its present position upon the theory that it has some proprietary interest in the property in question— in other words, that the property constituted an asset of the bankrupt. There can be no room for doubt concerning our former holding in this respect. It was definitely and conclusively held that the debtor was

without right of redemption, and (101 F.2d page 899) :

"Upon the expiration of the period of redemption, all that remained in the owners was the naked legal title, subject to being divested upon sale in accordance with the state court decree."

We further said (same page) :

"We agree with appellant that the facts here disclosed are such that the continuation of the interference with its right to proceed to enforce its lien in the state court constituted an abuse of the court's discretion. We find nothing in the Act to justify such interference."

How counsel could be under any misapprehension about what was held in our former decision, it is difficult to conceive. We think there is no room for doubt but that it is plainly res adjudicata of the question here presented—in fact, so plain, that one who reads, may understand.

■ Appellant attempts to inject another element into the instant proceeding, upon which it relies as a justification for the injunction order. In a schedule of assets it lists a claim against appellee and other parties, including appellee's attorneys, in the sum of $1,000,000. The claim, as scheduled, is "for damages for illegally and maliciously conspiring to encumber and becloud the title to the land (describing land in dispute)." In appellant's petition for injunction, it is stated with reference to this claim:

"Your petitioner further shows that upon information and belief there is some merit to the claim of Bankrupt herein against the said Gary Land Company by reason of numerous causes of action pursued in its name in an effort to wrest the land hereinbefore described from the bankrupt and its predecessors."

It is apparent that appellant has no direct knowledge concerning this claim, and little confidence as to its merit. Neither have we, especially in view of the fact that this is the first time, so far as is disclosed by the record in the instant or former cases, that any such claim has been made. It is a fair inference that this claim was discovered to meet the exigencies of the present situation. There is no occasion, however, for us to pass upon its merit and we refrain from so doing. Appellant, no doubt, will be able to find a forum where the merit of this claim may be properly litigated.

Appellant's argument with reference to this claim is that it is entitled to the right of set-off against the claim of appellee by reason of Section 67, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 108, sub. a.[1] Even if the claim were meritorious and filed in good faith, we do not think such argument is tenable. The asserted set-off is a tort claim, unliquidated in amount, and is a claim in personam against appellee jointly with other persons. On the other hand, the claim of appellee is liquidated as to amount and is merged in the decree of the State Court; it is a claim in rem against the land itself and not a claim in personam against the bankrupt. In fact, no claim has been filed by appellee against the bankrupt estate and we have serious doubt if it could maintain such a claim if it so attempted. Under such circumstances, it seems apparent that there was no "mutual debts or mutual credits" between the parties and, therefore, the law relied upon is not applicable.

■ In addition to what we have said, we are of the opinion that the court was without authority to issue the injunction as sought. The State Court proceeding for the foreclosure of tax liens acquired by appellee culminated in a foreclosure decree entered in 1931. Where a lien is obtained in a State Court more than four months prior to a bankruptcy proceeding, it has generally, if not universally, been held that the Bankruptcy Court is without authority to enjoin the prosecution of the creditor's action in a State Court.[2]

We therefore conclude that the order of the District Court dissolving the restraining order was proper, and it is affirmed.

[1] "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

[2] Straton v. New, 283 U.S. 318, 51 S. Ct. 465, 75 L.Ed. 1060; Ford v. Mutual Ben. Life Ins. Co., 8 Cir., 82 F.2d 607; In re Snitzer, 7 Cir., 62 F.2d 285; State-Planters' Bank & Trust Co. v. Parker, 4 Cir., 50 F.2d 156; Russell v. Edmondson, 5 Cir., 50 F.2d 175.