**HOEHN et al. v. McINTOSH.**
No. 8146.

Circuit Court of Appeals, Sixth Circuit.
March 15, 1940.

Henry B. Graves and Frank C. Sibley, both of Detroit, Mich. (Miller, Bevan, Horwitz & DesRoches, of Detroit, Mich., on the brief), for appellants.

R. S. Wisok, of Detroit, Mich. (Beckenstein, Wisok & Maguire, of Detroit, Mich., on the brief), for appellees.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal from an order authorizing the sale either privately or publicly of certain real property alleged to belong to the bankrupt.

On March 12, 1937, an involuntary petition was filed against the Plymouth Cooperage Corporation, debtor, pursuant to Section 77B of the National Bankruptcy Act, 11 U.S.C.A. § 207. It had theretofore been engaged in the business of manufacturing beer barrels at Plymouth, Michigan. In 1936, it expanded its business by attempting to acquire a plant at Cleveland, Ohio, negotiations for which were conducted by appellant Rowland W. Fixel, its attorney, and two of its directors in the following manner: On March 30, 1936, at a meeting of its Board of Directors, attended by its attorney, an offer was made to sell to the debtor the Cleveland property, including land and machinery at $35,000; $10,000 to be paid within six months with the assumption of an existing mortgage for $10,000, the remaining $15,000 to be paid with six per cent interest thereon, with an option to the seller to take, in lieu thereof, $15,000 par value of the debtor's common stock. The directors passed a resolution accepting this offer.

On April 2, 1936, appellant Rowland W. Fixel purchased the property for $18,000, paying $8,000 cash and executing a mortgage back for the balance; took title to himself as trustee without disclosing in the instrument the names of his cestui que trustents. He afterwards disclosed them to be appellants William H. Hoehn, and the testamentary trustees of the estate of Bertha Fixel, deceased. On the same date, Fixel, trustee, entered into a land contract with the debtor, agreeing to convey to it the property thus acquired on the same terms as offered and accepted at the meeting of the Board of Directors March 30, 1936. Thereafter the debtor took possession of the property and paid to Fixel $2,000 in cash on the purchase price and he elected to and did receive at par $15,000 par value of its common stock.

In April, 1938, upon leave granted by the Bankruptcy Court, appellee instituted a plenary action in the Wayne Circuit Court of Michigan against appellant Fixel, individually and the appellants, testamentary trustees of Bertha Fixel and appellant William H. Hoehn, seeking to acquire the legal title to the Cleveland property on the ground that Fixel was a trustee ex maleficio for the debtor when he acquired the property for himself.

On December 15, 1939, the state action was terminated by a decree that Fixel acquired the property for the debtor, that it was indebted to him in the sum of $8,000, which he had paid on the purchase price, plus six per cent interest, and for which he was entitled to a lien. It was also decreed that the estate of Bertha Fixel be charged with $1,457.72, the proceeds of shares sold out of the stock Fixel received from the debtor as part of the purchase price. The shares unsold were adjudged to be cancelled. Other matters not material here were also adjudicated.

On June 28, 1937, the Bankruptcy Court entered an order pursuant to sub. k of Section 77B, 11 U.S.C.A. § 207, sub. k, of the Bankruptcy Act, directing that the debtor be liquidated because of the impossibility of reorganization.

On March 7, 1937, appellants instituted an action against the debtor in Cuyahoga

County, Ohio, for foreclosure under the land contract. Process was issued, but no service had on the debtor and the court entered no order after the filing of the petition.

On April 8, 1938, the trustee filed a petition for leave to sell the personal property conveyed under the land contract. Appellants appeared, specially denying the jurisdiction of the court to order the sale and claiming an interest adverse to the trustee, and insisting that the Common Pleas Court of Cuyahoga County had exclusive jurisdiction of the disposition of the property. Upon hearing the court denied their contentions and ordered the sale. Pursuant to this order, the property was sold for $450, the sale confirmed and no appeal taken therefrom. Incidentally, the Wayne Circuit Court in its decree in the plenary action adjudged that appellants were entitled to this $450.

Prior to June 28, 1938, the mortgagee of the Ohio property was threatening to foreclose his lien and delinquent taxes of approximately $2,000 had accumulated against the property and it was rapidly deteriorating and in need of repairs. On this date appellee filed a petition stating the foregoing facts and prayed the court for an order of sale. It issued a show cause order directed to appellants to which they responded, questioning the jurisdiction of the court and objecting to the sale. Upon hearing July 25, 1938, the court ordered the sale of the property and gave as reasons therefor the facts appearing in appellee's petition. In the order of the court the trustee was directed to make the sale publicly or privately, subject to the approval of the court and for an upset price sufficient to discharge the mortgage lien and delinquent taxes on the property. Appellants are seeking to reverse this order which has not been executed.

Appellee urges that this appeal is premature because the order complained of is not subject to a petition to revise or reverse and that the court is without jurisdiction. The question is whether Section 24, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 47, sub. a, 52 Stat. 854, confers jurisdiction on the court to review, revise or reverse interlocutory administrative and discretionary orders, arising in proceedings in bankruptcy. The present order authorized the sale free of all liens, but subject to the approval of the court, with provision for due notice to all interested parties of any application for approval. Appellee insists that until the trustee reports an offer for the property at the upset price fixed in the order of sale, appellants can suffer no injury and have no right to complain.

The Act in question confers appellate jurisdiction on appeals from the district court "* * * in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact * * *." Bankruptcy Act 24, sub. a, 11 U.S.C.A. § 47, sub. a.

The Statute, as it existed prior to the amendment, has been considered in numerous decisions, the rationale of which is that appeals from purely intermediate and preliminary orders should be allowed only in exceptional cases. So far as is material to the question under consideration, the amendment made no change in the law. Before reviewable, administrative orders must have a certain degree of finality. The salutary purpose of the legislation would be destroyed if every order, no matter how trivial, were subject to review. The Act does not contemplate tying up the estate and prolonging administration by appeals, unless the subject has been finally disposed of in the lower court and practically nothing remains to be done in that respect, so that rights may be definitely determined by review. Triangle Electric Company v. Foutch, 8 Cir., 40 F.2d 353; Board of Road Comr's v. Keil, 6 Cir., 259 F. 76; In re Fox West Coast Theatres, 9 Cir., 88 F.2d 212; In re Throckmorton, 6 Cir., 196 F. 656.

We might refuse to review the order as it is interlocutory, but our jurisdiction is plain, and in our opinion it will speed distribution and settlement of the estate to dispose of the question now, as the record shows that the only unliquidated assets consist of the Cleveland property.

Whether the Bankruptcy Court shall exercise power to sell encumbered property of the bankrupt free of liens, or sell only the bankrupt's equity of redemption, subject to encumbrances or surrender it to lienholders or others entitled thereto is within the sound discretion of the court and will not be reviewed unless there has been an abuse of discretion.

Under the Bankruptcy Act, the trustee is vested only with the bankrupt's title to the property, hence takes no more

202

than the bankrupt's equity therein subject to mortgages or other encumbrances and ordinarily a bankruptcy court will not administer property burdened with liens when it is manifest that it will sell for less than the amount thereof, because it should not assume jurisdiction over that which it cannot administer. Under such circumstances, the court should order the release and surrender possession and control of the property to the lienor to foreclose or otherwise proceed in a court of competent jurisdiction. Federal Land Bank v. Kurtz, 4 Cir., 70 F.2d 46.

 The uniform rule prevails that a court of bankruptcy, under the general equity powers conferred on it by the Bankruptcy Act, has authority to order a sale of the bankrupt's property, free from all liens and encumbrances. Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453. This rule has its exceptions: (1) that the court lacks authority to sell property in control of the bankrupt free and clear of the rights of adverse claimants, since the latter's rights can be determined only in a plenary suit. Eddy's Petition, 1 Cir., 6 F.2d 196; In re Cadillac Brewing Co., 6 Cir., 102 F.2d 369; (2) the power will not be exercised unless it is made to appear that there is a fair prospect of the property being sold for substantially more than enough to discharge the lien or liens upon it. In re Franklin Brewing Company, 2 Cir., 249 F. 333; Ray v. Norseworthy, 23 Wall. 128, 9 U.S. 128, 137, 23 L.Ed. 116. The court must be satisfied that a sale will be to the interest of the general creditors and not injure the lienholders and where a trustee files a petition to sell real estate free of liens and the lienholders join issue with him, the burden is on him to make it appear that there is a reasonable probability the property will bring more than the amount of the liens. Applying these principles to the instant case, it at once becomes apparent that the court abused its discretion in ordering the sale of the property in question free from liens.

Appellants were adverse claimants and the plenary action pending in the state court had not been concluded at the time the sale was ordered and there was no showing by the trustee that there was a reasonable probability the property would bring more than the amount of the liens.

Appellants insist that as their lien was obtained by virtue of the executory land contract and was in existence more than eleven months prior to the institution of these proceedings and that as their action to enforce it was pending in the Court of Common Pleas in the County of Cuyahoga, Ohio, at the time the order was entered in the bankruptcy court for liquidation of the debtor, the latter court lacked jurisdiction to order the sale of the property, the Ohio Court having exclusive jurisdiction to determine the rights of the parties and to decree a sale.

The question urged for decision is whether the suit instituted by appellants in the Court of Common Pleas for the County of Cuyahoga, Ohio, could have been stayed by an order in the bankruptcy proceedings, or whether the State Court, by reason of the institution of the action prior to the commencement of the bankruptcy proceedings, had constructively acquired possession of the property.

 Title to the bankrupt's property, wherever situated, vests in the trustee with actual or constructive possession at the date of adjudication, as of the date of the filing of the petition. Mueller v. Nugent, 184 U.S. 1, 14, 22 S.Ct. 269, 46 L.Ed. 405; Robertson v. Howard, 229 U.S. 254, 259, 33 S.Ct. 854, 57 L.Ed. 1174. As a corollary the bankruptcy court has exclusive jurisdiction to deal with the property of the estate and may order a sale of real estate outside of the district, and while valid liens existing at the commencement of the proceedings are preserved, the bankruptcy court has exclusive jurisdiction to ascertain their validity and amount and decree the method of their liquidation. Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 738, 51 S.Ct. 270, 75 L.Ed. 645.

 However, this rule does not apply to the enforcement of liens not invalidated or voided by the Bankruptcy Act for the enforcement of foreclosure for which proceedings in the state court have been instituted prior to the commencement of proceedings in bankruptcy either within or before the four-month period, where the state court has first acquired actual or constructive possession of the property. Straton v. New, 283 U.S. 318, 332, 51 S.Ct. 465, 75 L.Ed. 1060; Davis v. Friedlander, 104 U.S. 570, 26 L.Ed. 818. In order for the bankruptcy court to draw to itself the administration of mortgaged property as to which at the time of bankruptcy a foreclosure suit was pending, it is necessary for the trustee to establish (1) that the mort-

gaged property was in the possession of the bankrupt at the time of the filing of the petition and not in possession of the state court in which the foreclosure suit was pending and (2) that there was an equity in the mortgaged property for the bankrupt estate.

Conceding, without deciding, that the present suit in the State of Ohio, because of a lack of process, had not reached the stage of a proceeding in rem and that the constructive possession of the res does not vest until service of process, we think it nevertheless necessary, in order to oust the Ohio court of jurisdiction, that the trustee show there was an equity in the mortgaged property for the bankrupt estate, otherwise it has no interest to subserve in ousting the state court of jurisdiction. We think the record in this case fails to show any such equity. Ford v. Mutual Ben. Life Ins. Co., 8 Cir., 82 F.2d 607; In re Rohrer, 6 Cir., 177 F. 381; Hiscock v. Varick Bank, 206 U.S. 28, 37, 27 S.Ct. 681, 51 L.Ed. 945. If there be any equity for the general creditors in the property, the trustee may obtain it by a proper proceeding without bringing about an unseemly conflict in jurisdiction between the state and federal courts. At the time the bankruptcy court ordered a sale of the property, the plenary suit pending in the Michigan court had not been decided and an attempted sale of the property before its disposition would lead to delay and confusion in the administration and liquidation of the bankrupt's estate. The order of sale was improvidently granted. Reversed and cause remanded for proceedings in conformity with this opinion.