In the Matter of **ERIE LACKAWANNA RAILWAY COMPANY**, Debtor.

Appeal of **MORGAN GUARANTY TRUST COMPANY OF NEW YORK** et al.

No. 73-2108.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 7, 1973.

Decided May 2, 1974.

Frank C. Heath, Cleveland, Ohio, for appellants; Marc L. Swartzbaugh, William S. Paddock, Cleveland, Ohio (Jones, Day, Cockley & Reavis, Cleveland, Ohio, of counsel), on brief for Morgan Guaranty Trust Co. of New York and The Cleveland Trust Co.; Malvin E. Bank, Alan R. Lepene, Cleveland, Ohio (Thompson, Hine & Flory, Cleveland, Ohio, of counsel), on brief for First Nat. City Bank and United States Trust Co. of New York.

Richard F. Stevens, Cleveland, Ohio, for debtor, appellees; Maurice M. Sayre, Cleveland, Ohio (Baker, Hostetler & Patterson, Cleveland, Ohio, of counsel), on brief, for Thomas F. Patton and Ralph S. Tyler, Jr., trustees of the debtor, appellees.

Before EDWARDS and LIVELY, Circuit Judges, and WILSON, District Judge.*

PER CURIAM.

This case presents an interlocutory appeal from an order denying certain items of discovery in a railway reorganization proceeding filed pursuant to section 77 of the Bankruptcy Act (11 U.S. C. § 205). The issues presented upon this appeal arose in the following manner. A petition for railway reorganization was filed on June 26, 1972. On September 21, 1972, the trustees of the debtor's property petitioned the Court to be allowed to sell or lease certain mortgaged property no longer needed for railroad operations and to be allowed to apply the proceeds for continued opera-

---

* The Honorable Frank W. Wilson, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

tion of the railway under certain conditions. On February 5, 1973, the appellants, who are the indenture trustees for certain of the bondholders, filed interrogatories seeking to elicit evidence contended to be relevant to the issues presented by the reorganization trustees' petition to sell mortgaged property and draw down funds. Information on operation projections was requested in certain of the interrogatories and objections to these were sustained by the district court upon the ground that "they seek premature answers based upon speculation and opinion."

The initial contested issue in this appeal is with respect to the appealability of the interlocutory order denying discovery. While conceding that section 24(a) of the Bankruptcy Act [11 U.S.C. § 47(a)] vests this Court with "appellate jurisdiction from the several courts of bankruptcy . . . in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy," the respondents contend that the order under review here involves a "controversy" to which appeals are limited to final orders, or otherwise is of such a preliminary nature as not to mandate appellate consideration. Suffice it to say, in the language of the case of Hoehn v. McIntosh, 110 F.2d 199, 201 (6th Cir. 1940) that while "[w]e might refuse to review the order as it is interlocutory, . . . our jurisdiction is plain . . . ."

With respect to the merits of this appeal, while it would appear to this Court from the record before it that the rejected interrogatories might well have presented matters appropriate for discovery under Rules 26(b)(1) and 33(b) of the Federal Rules of Civil Procedure, it would further appear that this Court should not disturb the discretionary action of the lower court in denying discovery at the particular stage of the proceedings below when it did so. This conclusion is further buttressed by the fact that the appellants will be entitled

to seek the same information at the time of the hearing upon the petition for an order of sale or lease of secured assets. Relief upon this appeal will accordingly be denied.